Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3400 | **DATE** | March 31, 2004 |
| **CASE TITLE** | US ex rel Fredrick Kizer   v   Jonathan R. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

**Memorandum opinion and order entered. Accordingly, the court denies the instant petition for writ of habeas corpus.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ) <br> FREDRICK KIZER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JONATHAN R. WALLS, ) <br> ) <br> Respondent. ) | No. 02 C 3400 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

In October 1995, petitioner Frederick Kizer was convicted in the Circuit Court of Lake County of first degree murder, three counts of attempted first degree murder, and two counts of aggravated battery with a firearm, and was later sentenced to consecutive prison terms of 50 years for murder and 25, 15, and 10 years for attempted murder. After pursuing an unsuccessful direct appeal, petitioner filed a petition for relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., which was dismissed as being frivolous and patently without merit. See People v. Kizer, 318 Ill. App. 3d 238, 240 (Ill. App. 1st Dist. 2000).

In his appeal of the dismissal of his state post-conviction petition, petitioner challenged for the first time the consecutive nature of his ten- and fifteen-year sentences. The Illinois Appellate Court held that petitioner's ten-year sentence should have run concurrently with his other sentences, but affirmed the consecutive nature of the fifteen-year sentence. See id., 318 Ill. App. 3d at 241-42. Petitioner sought leave to appeal to the Illinois Supreme Court, which was denied. Petitioner's subsequent petition for a writ of certiorari was also denied.

In May 2002, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

## DISCUSSION

Petitioner's first trial in the Circuit Court of Cook County for charges of first degree murder, three counts of attempted first degree murder, and two counts of aggravated battery resulted in a mistrial when the jury was unable to reach a verdict. Petitioner then filed a motion for substitution of judge, alleging that Judge Toomin, who presided over the first trial, exhibited behavior that demonstrated he could not be fair and impartial in a second trial. More specifically, petitioner maintained that prior to releasing the jurors from the first trial, the judge summoned them to his chambers and expressed his incredulity to those jurors who had voted not guilty during deliberations and indicated that he believed there was more than enough evidence to prove petitioner guilty beyond a reasonable doubt. Petitioner further claimed that, after declaring the mistrial, the judge suggested to the state that they call a handwriting expert in the next trial to help resolve the issue of whether petitioner had signed his confession. The state has denied that Judge Toomin made the latter statement.

Petitioner's motion for substitution was denied by Judge Karnezis (who was assigned to preside over the motion), who concluded that, even if all of the allegations were true, petitioner had not established that Judge Toomin was so prejudiced that he could not be fair and impartial. After a second jury trial before Judge Toomin, petitioner was found guilty on all charges and sentenced to consecutive terms of 50 years for murder, and 25, 15, and 10 years for the three attempted murders.

On direct appeal, petitioner argued that the trial court erred in denying his motion for substitution of judge after the mistrial. The Illinois Appellate Court affirmed the judgment, noting that, (1) defendant had not provided a transcript of proceedings to help the court

determine what, if anything, Judge Toomin had said regarding the handwriting expert, and (2) the judge's comments to the jury were made after he had heard all of the evidence against the defendant. See People of the State of Illinois v. Frederick Kizer, No. 1-95-3562 (Ill. App. 1st Dist. July 22, 1997). Petitioner sought leave to appeal to the Illinois Supreme Court, which was denied on June 3, 1998.

Petitioner then filed a pro se petition for relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., in which he alleged: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct in improper closing arguments, such as vouching for government witnesses' credibility, referring to notorious criminals, and referencing petitioner's failure to testify; (3) judicial bias against him as evidenced by, among other things, Judge Toomin's questioning of the state's expert at trial; (4) failure to establish petitioner's guilt beyond a reasonable doubt; and (5) ineffective assistance of appellate counsel for failure to raise these issues on direct appeal. On December 23, 1998, petitioner's post-conviction petition was dismissed as frivolous and patently without merit. See People v. Kizer, 318 Ill. App. 3d 238, 240 (Ill. App. 1st Dist. 2000).

On appeal of the denial of his state post-conviction petition, petitioner, represented by the State Appellate Defender, argued for the first time that his 15-year and 10-year consecutive sentences were imposed in violation of 730 ILCS 5/5-8-4(a).[1] Petitioner's counsel did not

---

[1]Section 5-8-4(a) (West 1998) provides, in pertinent part: "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury,... in which event the court shall enter sentences to run consecutively."

3

address any of the grounds raised in the pro se petition, other than summarizing the contents of that petition in the "Introduction" portion of the brief. Petitioner then moved pro se to file a supplemental brief to preserve the grounds raised in his pro se petition. Petitioner's pro se motion was opposed by the state on the ground that petitioner "does not have a Sixth Amendment right to have both representation of counsel and to also conduct portions of the proceedings on his own." On May 15, 2000, the appellate court denied petitioner's motion to file a pro se supplemental brief.

On July 10, 2000, however, petitioner (through counsel) was granted leave to file a supplemental brief in which he alleged that all of his consecutive sentences were unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). In an unpublished order, the appellate court reversed the consecutive nature of petitioner's ten-year sentence, but affirmed the consecutive nature of the fifteen-year sentence under state law and further refused to apply Apprendi retroactively. See People v. Kizer, No. 1-99-0733 (Ill. App. 1st Dist. November 6, 2000). After petitioner sought rehearing, the appellate court issued a published opinion setting forth a more comprehensive discussion of its Apprendi analysis (although it denied the petition for a rehearing).

Petitioner (through counsel) then sought leave to appeal to the Illinois Supreme Court, raising two issues: (1) the retroactivity of Apprendi, and (2) whether state law rendered his 15-year consecutive sentence void (rather than merely voidable, as the appellate court had held). Proceeding pro se, petitioner then sought leave to file a supplemental petition for leave to appeal in which he addressed many of the issues raised in his initial state post-conviction petition, such as ineffective assistance of counsel. In an order dated March 27, 2001, the Illinois Supreme

4

Court denied petitioner's motion to file a supplemental brief, and on June 29, 2001, denied petitioner leave to appeal. Petitioner subsequently filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 13, 2001.

On May 10, 2002, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts six grounds for relief in the instant petition: (1) violation of his Fifth and Fourteenth Amendment rights due to Judge Toomin's alleged impartiality; (2) violation of his Fourteenth Amendment right to due process and his Sixth Amendment right to a jury trial arising from his consecutive sentences; (3) violation of his Fifth and Fourteenth Amendment rights due to Judge Toomin's alleged questioning of the government's expert witness at the second trial; (4) violation of his Sixth Amendment right to effective assistance of counsel arising from trial counsel's failure to call certain witnesses; (5) violation of his Fourteenth Amendment right to due process arising from allegedly improper comments by the prosecution during closing arguments; (6) violation of his Sixth Amendment right to effective assistance of counsel arising from his appellate counsel's failure to raise the foregoing issues on direct appeal; and (7) violation of his Fourteenth Amendment right to due process arising from the government's failure to meet its burden of proof at trial.

In response to the instant petition, respondent contends that grounds three through seven are procedurally defaulted, and that grounds one and two fail on the merits. For the reasons stated below, the court agrees and denies the instant petition for writ of habeas corpus.

**DISCUSSION**

1.  Exhaustion and Procedural Default

Before the court may entertain the merits of a habeas petition, it must first inquire whether petitioner has, (1) exhausted all available state remedies, and (2) raised all of his claims during the course of his state proceedings. Kurzawa v. Jordan,146 F.3d 435, 440 (7th Cir. 1998). If a petitioner fails to meet either of these requirements, the court may not reach the merits of his habeas claims. Id.

Respondent concedes that petitioner has exhausted his available state remedies, but maintains that grounds three through seven of the instant petition are procedurally defaulted. The court agrees. As the Supreme Court noted in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to preserve a claim for habeas review. See also Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (failure to take claim through "complete round" of appellate process resulted in procedural default).

Although petitioner in the instant case raised grounds three through seven in his initial state post-conviction petition, he failed to raise any of those issues in either his appeal of the dismissal of his state post-conviction petition to the Illinois Appellate Court or his petition for leave to appeal to the Illinois Supreme Court. Neither the appellate court's unpublished order, People v. Kizer, No. 1-99-0733 (Ill. App. 1st Dist. November 6, 2000), nor its published opinion, People v. Kizer, 318 Ill. App. 3d 238 (Ill. App. 1st Dist. December 26, 2000), references the merits of grounds three through seven of the instant petition, presumably because petitioner did not argue those issues in his briefs to the appellate court. Rather, petitioner's briefs, and the

6

respondent's responses thereto, focused exclusively on the consecutive nature of petitioner's ten- and fifteen-year sentences and the <u>Apprendi</u> issue.[2]

Petitioner directs the court's attention to his <u>pro se</u> motions seeking leave to file supplemental briefs in both the Illinois Appellate Court and the Illinois Supreme Court discussing the substance of grounds three through seven of the instant petition, but this argument is of no avail. Petitioner's motions to file supplemental briefs were summarily denied, presumably because petitioner was represented by counsel who had already filed briefs on his behalf.[3] Because petitioner failed to invoke a full round of the appellate process with respect to grounds three through seven of the instant petition, the court concludes that those grounds are procedurally defaulted.

Federal courts may review defaulted claims if the petition shows cause for failure to raise them at the appropriate time and actual prejudice that resulted from such failure, or if a

---

[2]In his initial brief on appeal, for example, petitioner described the "Issue Presented for Review" as follows: "Pursuant to 730 ILCS 5/5-8-4(a) (1994), the circuit court only had authority to impose consecutive sentences for those offenses that were triggering offenses. The only triggering offense under 5/5-8-4(a) in this case was the attempted first degree murder of Vanessa Winslow. The court, however, imposed consecutive sentences on all three attempt first degree murder convictions. Must the consecutive sentences on the nontriggering offenses of attempt first degree murder be vacated because these sentences are void?"

[3]It is worth emphasizing that petitioner's counsel on his post-conviction appeal secured reversal of one of petitioner's consecutive sentences and, in a supplemental brief, raised the issue of the applicability of <u>Apprendi</u>. Petitioner did not ultimately prevail on his <u>Apprendi</u> argument because the appellate court concluded that <u>Apprendi</u> was not retroactively applicable to collateral proceedings. It is worth emphasizing, however, that the Illinois Appellate Court was divided on the issue, and the <u>Kizer</u> court's opinion was later described by the Illinois Supreme Court as a "seminal" case on the retroactivity of <u>Apprendi</u>. See <u>People of the State of Illinois v. De La Paz</u>, 204 Ill.2d 426, 435 (2003). Moreover, petitioner's appellate counsel also pursued the retroactivity issue on appeal to the Illinois Supreme Court. The court thus surmises that petitioner's counsel's failure to raise grounds three through seven was a tactical decision, rather than an oversight.

7

fundamental miscarriage of justice would result from the failure to address the defaulted claims. Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999). Petitioner has not argued that he falls within either of these narrow exceptions, and thus the court declines to address the merits of grounds three through seven of the instant habeas petition.

2.   Merits

28 U.S.C. § 2254 empowers a district court to entertain an application for a writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." See also Wainwright v. Goode, 464 U.S. 78, 84, 104 S.Ct. 378, 382 (1983). In considering a habeas corpus petition filed by a state prisoner challenging his conviction or sentence on legal grounds, federal courts are guided by 28 U.S.C. § 2254(d)(1), which provides that the writ of habeas corpus may be granted only if the adjudication of the prisoner's claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[4]

In Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523 (2000), the Supreme Court defined "clearly established Federal law" as "holdings, as opposed to the dicta" of Supreme Court decisions at the time of the state court decision, and further clarified the meaning of "contrary to" and "unreasonable application" as used in § 2254(d)(1). For a decision to be "contrary to" clearly established Federal law, it must be "substantially different" from the relevant Supreme Court precedent. Williams, 529 U.S. at 405, 120 S.Ct. at 1519 (2000); Boss v.

---

[4] A petitioner may also challenge the state court's factual determinations under § 2254(d)(2).

Pierce, 263 F.3d 734, 739 (7th Cir. 2001). This situation may arise in two ways: (1) if the state court applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nonetheless arrives at a different result. Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520.

On the other hand, a decision involves an "unreasonable application of" clearly established law when the state court identifies the correct legal rule but applies it unreasonably. Id. at 409-410, 120 S.Ct. at 1521. An unreasonable application of the law is distinguishable from an incorrect application of law, however. To fall under this exception, the state court's application of Supreme Court precedent "must be so erroneous as to be unreasonable." Boss, 263 F.3d at 739. With these standards in mind, the court turns to grounds one and two of the instant petition.

a.  *Denial of Petitioner's Motion to Substitute Judges (Ground One)*

In ground one, petitioner claims that he suffered a violation of his Fifth and Fourteenth Amendment rights when Judge Toomin was permitted to preside over petitioner's second jury trial. On direct appeal, the Illinois Appellate Court affirmed petitioner's conviction, and concluded that the judge's comments following the first jury trial, without more, "[did] not indicate that the trial judge was prejudiced against [petitioner]." The appellate court also noted that petitioner did not allege "any other instance of prejudice occurring either during the first jury trial before the judge's comments or during the ensuing jury trial after the trial judge's comment."

Petitioner has not cited, and the court has not identified, any Supreme Court precedent that would render the appellate court's ruling on direct appeal to be contrary to, or an unreasonable application of, federal law. Rather, it appears to the court that the appellate court's reasoning was entirely consistent with binding precedent.

The Supreme Court has stated that fairness requires "an absence of actual bias in the trial of cases." In re Murchison, 349 U.S. 133, 136 (1955). To that end, "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." Id. at 136.

The cases in which the Supreme Court has found actual bias involved factual scenarios in which the judge possessed a personal stake in the outcome of the trial, and thus are distinguishable from the instant case. For example, in In re Murchison, the Supreme Court held that it was a violation of due process for a judge who acted as a one-man grand jury to later try the same persons who were accused as a result of his investigations. Id. at 137. In Bracy v. Gramley, 520 U.S. 899, 905 (1997), the court concluded that it would violate due process if a judge was disposed to rule against defendants who did not bribe him in order to conceal the fact that he regularly ruled in favor of defendants who did bribe him. And, in Tumey v. Ohio, 273 U.S. 510, 532 (1927), the Supreme Court held that a judge violated due process by sitting in a case in which it would be in his financial interest to find against one of parties. See also Ward v. Village of Monroeville, Ohio, 409 U.S. 57, 60-62 (1972); Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 822-25 (1986).

The instant case is easily distinguishable from Murchison, Bracy, and Tumey. In its order, the appellate court emphasized that Judge Toomin had heard all of the evidence against

10

petitioner before expressing his opinion regarding his guilt, and there was no allegation that his comments were based on any extrajudicial factors that would establish a personal interest, pecuniary or otherwise, in the case. Nor was there any evidence of instances of prejudice occurring at the petitioner's second trial.[5] The court thus concludes that petitioner is not entitled to a writ of habeas corpus based on ground one of the instant petition.

b. *Consecutive Sentences (Ground Two)*

As noted earlier, Illinois law provides for consecutive sentences for offenses committed as part of a single course of conduct if one of the offenses is a Class X or Class 1 felony, and the defendant inflicted "severe bodily injury." See 730 ILCS 5/5-8-4(a) (West 1998). In the instant case, during sentencing Judge Toomin (not a jury) concluded that petitioner inflicted severe bodily injury to Kevin Richardson and thus imposed a consecutive sentence of 15 years for his attempted murder. In ground two, petitioner maintains that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), the issue of bodily injury should have been submitted to a jury and proved beyond a reasonable doubt, and the failure to do so violated his Sixth and Fourteenth Amendment rights.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

---

[5]Petitioner identifies Judge Toomin's alleged questioning of the prosecution's expert witness as an example of prejudice. As noted above, however, the factual and legal bases for that claim (which comprise ground three of the instant petition) were not raised on direct appeal or on appeal of the denial of petitioner's state post-conviction petition, and thus that claim is procedurally defaulted. See Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999) ("For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted.") (citing Picard v. Connor, 404 U.S. 270, 277 (1971)).

submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Apprendi was decided after petitioner's conviction became final, however, and the Illinois Appellate Court, citing to Teague v. Lane, 489 U.S. 288 (1989), and People v. Flowers, 138 Ill.2d 218, 237 (1990), concluded that Apprendi does not apply retroactively under Illinois' Post-Conviction Hearing Act. People v. Kizer, 318 Ill. App. 3d at 251. The Seventh Circuit has also held that Apprendi is not retroactively applicable in a collateral proceeding. See Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002) ("Apprendi is not retroactive and thus 'does not disturb sentences that became final before June 26, 2000, the date of its release.'") (quoting Curtis v. United States, 294 F.3d 841, 844 (7th Cir.2002)). Accordingly, the appellate court's reasoning was not contrary to, and did not involve an unreasonable application of, federal law. Thus, petitioner is not entitled to a writ of habeas corpus based on ground two of the instant petition.

## CONCLUSION

For the reasons stated herein, the court concludes that grounds three through seven of the instant habeas petition were procedurally defaulted, and grounds one and two are without merit. Accordingly, the court denies the instant petition for writ of habeas corpus.

**ENTER:** **March 31, 2004**

_____
Robert W. Gettleman
United States District Judge

12